THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD H. KERR   :
                                            :
                      Plaintiff,            :
            v.                              :        3:21-CV-00459
                                            :        (JUDGE MARIANI)
WILLIAM SAGAN and
SAGAN TRUCKING, LLC d/b/a
WLK TRUCKING, INC.,                         :
                                            :
                      Defendants.           :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is "Defendants William Sagan and Sagan Trucking, LLC's Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5)." (Doc. 12.) For the reasons stated below, the Court will deny Defendants' Motion to Dismiss.

### II. FACTUAL & PROCEDURAL BACKGROUND

According to the Complaint, this case arises out of a motor vehicle accident that occurred on November 15, 2018, in Adams County, Pennsylvania. (*See* Doc. 13, Ex. A.) The accident occurred between Plaintiff, who resides in Pennsylvania, and Defendant William Sagan, who resides in New Jersey. (*Id.*) At the time of the accident, Defendant William Sagan was operating a motor vehicle owned by Defendant Sagan Trucking, LLC. (*Id.*) Sagan Trucking, LLC is based at the same New Jersey address. (*Id.*)

Plaintiff commenced the above-captioned action on July 30, 2020, with the filing of his Complaint in the Court of Common Pleas for Philadelphia County. (*Id.*) According to an affidavit filed by Plaintiff's counsel, Plaintiff sent the Complaint to Defendants via first class mail that same day. (Doc. 19, Ex. A.) He filed with his Complaint a Certificate of Service stating as much. (Doc. 13, Ex. A.) In their Motion to Dismiss, Defendants allege that neither of them received the Complaint. (Doc. 12 at 2.)

The parties both acknowledge that they engaged in settlement discussions at some point. Plaintiff alleges that "settlement negotiations between Plaintiff and Defense Counsel were ongoing in October 2020 and December 2020." (Doc. 19 at 3.) Defendants do not make clear whether they agree with Plaintiff's description of *when* the negotiations occurred, but they do not dispute that negotiations occurred. (Doc. 20 at 12.)

At some point, Plaintiff "realized that . . . no attorney had entered their appearance in the Philadelphia docket."[1] (Doc. 19 at 2.) On December 11, 2020, Plaintiff emailed to Defendants a copy of the Complaint along with a "counter-offer." (Doc. 19, Ex. A.) On December 22, 2020, Plaintiff filed a praecipe to reinstate the Complaint in the Court of Common Pleas for Philadelphia County and sent the Complaint to Defendants via certified mail. (Doc. 19, Ex. A.)[2] Defendants removed the case to the Eastern District of Pennsylvania

---

[1]    Plaintiff does not state when this realization occurred, but the Court assumes it closely preceded the December 11 email to Defendants.

[2]    The Court assumes, given the chronology in Exhibit A, that Exhibit A is supposed to state that Plaintiff's counsel sent the Complaint via certified mail on December 22, *2020*, not December 22, *2019*.

the same day.[3] (Doc. 1.) On January 2, 2021, Defendants accepted and signed for the certified mail, as evidenced by certified mail receipts. (Doc. 19, Ex. A, Ex. B.)[4]

Defendants filed the instant Motion on January 4, 2021. Plaintiff did not file a response in opposition, and the Eastern District Court issued an Order granting Defendant's Motion to Dismiss on February 2, 2021. (Doc. 5.) Soon after, Plaintiff filed a Motion for Relief from Judicial Order under Rule 60(b)(1) and (6). (Doc. 6.) On February 24, 2021, the Eastern District Court granted Plaintiff's motion and vacated the February 2 Order granting Defendant's Motion to Dismiss. (Doc. 8.)

The following month, the parties stipulated, and the Eastern District Court ordered, that the case be transferred to the Middle District of Pennsylvania. (Doc. 9; Doc. 10.)

## III. LEGAL STANDARD

Defendants filed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(5) but limited their argument to Plaintiff's insufficient service of process,

---

[3]     The Court notes that Defendants' Notice of Removal establishes the requisite amount-in-controversy for diversity jurisdiction under 28 U.S.C. § 1332(a). While the Complaint asserts damages in excess of $50,000, the Notice of Removal asserts damages exceeding $75,000, satisfying the minimum amount required by § 1332(a). (Doc. 1; Doc. 13, Ex. A). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (2014). Following *Dart*, courts have clarified that "a simple allegation or assertion of the amount in controversy is plausible if made in good faith." *Polanco v. Amguard Ins. Co.*, No. CV 18-0331-CFC, 2018 WL 6380707, at *3 (D. Del. Dec. 6, 2018) (citing *Dart*, 574 U.S. at 87). Here, Plaintiff has not contested Defendant's simple assertion of the amount in controversy, nor does the Court question it now.

[4]     The Court assumes, given the chronology in Exhibit A, that Exhibit A is supposed to state that the Complaints were successfully delivered on January 2, *2021*, not January 2, *2020*.

ultimately arguing that Plaintiff's claim is time-barred because he did not effectuate service before the statute of limitations expired. Such arguments are best considered under Rules 12(b)(5) and 12(b)(6), not 12(b)(2), and the Court will analyze the present Motion accordingly. *See, e.g., Est. of Ginzburg by Ermey v. Electrolux Home Prod., Inc.*, 783 F. App'x 159, 162 (3d Cir. 2019) (faced with similar arguments, considering defendant's motion to dismiss "pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), for insufficiency of service of process, and for failing to state a claim upon which relief can be granted based on the running of the applicable statutes of limitations, respectively").

### 1. Federal Rule of Civil Procedure 12(b)(6)

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

(internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

> *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

A complaint is subject to 12(b)(6) dismissal on statute of limitations grounds only when the statute of limitations bar is apparent on the face of the complaint. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (In the Third Circuit, a limitations defense may be raised by a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'") (quoting *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).

### 2. Federal Rule of Civil Procedure 12(b)(5)

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss when a plaintiff fails to effectuate proper service. Fed. R. Civ. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Martin v. OSHA*, 2017 WL 1326212, at *2 (E.D. Pa. Apr. 11, 2017).

### 3. Pennsylvania Rules of Civil Procedure

Because Plaintiff initially served Defendants before they removed the case to federal court, validity of service is determined under Pennsylvania law. *See Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009) (citing *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th

Cir. 1986)). Pennsylvania Rule of Civil Procedure 404 allows a plaintiff to serve an out-of-state defendant, in pertinent part,

> within ninety days of the issuance of the writ or the filing of the complaint or the reissuance or the reinstatement thereof:
>
> > . . .
> > (2) by mail in the manner provided by Rule 403; [or]
> > (3) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction . . . .

Pa. R. Civ. P. 404. Pennsylvania Rule of Civil Procedure 403 provides that process served by mail "shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403.

Under Pennsylvania Rule of Civil Procedure 404(3), service in this case would also be sufficient if effected pursuant to New Jersey law, if service occurs where Defendants reside in New Jersey. Pa. R. Civ. P. 404(3). New Jersey Court Rules authorize service by mail "only if the defendant answers the complaint or otherwise appears in response thereto . . . . If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule." N.J. Ct. R. R. 4:4-4(c).

### 4. Pennsylvania Statute of Limitations

"The statute of limitations is 'substantive' for the purposes of the *Erie* Doctrine, and, thus, the period provided for filing a [personal injury] action by Pennsylvania law applies in this case." *Callan v. Patel*, No. CV 3:15-2357, 2018 WL 4635962, at *3 (M.D. Pa. Sept. 27, 2018) (citing *Wells Fargo Bank, N.A. v. Carnell*, No. 3:16-CV-130, 2018 WL 840141, at *3

(W.D. Pa. Feb. 12, 2018)). Personal injury claims are subject to a two-year statute of limitations under Pennsylvania law. 42 Pa. Stat. and Cons. Stat. Ann. § 5524(2).

Finally, Pennsylvania courts have considered extensively the interaction between the time limits imposed by the Commonwealth's service of process rules and those imposed by statutes of limitation. Generally, the statute of limitations is tolled when a complaint is filed, but "only if the plaintiff then makes a good faith effort to effectuate service." *See*, *e.g.*, *Callan*, 2018 WL 4635962, at \*4 (citing *Williams v. Wexford Health Sources, Inc.*, 199 F. Supp. 3d 917, 923 (E.D. Pa. 2016)) (both applying Pennsylvania law).

## IV. ANALYSIS

First, the Court has little trouble determining that Plaintiff's initial service of process via first class mail on July 30, 2020, was insufficient under Pennsylvania Rules of Civil Procedure 403 and 404. Plaintiff concedes that "a technical mistake did occur" and does not seem to contest Defendants' argument that original service was technically insufficient. (Doc. 19 at 3.) The Court agrees that service was insufficient.[5]

---

[5]   Plaintiff failed to effect proper service under Pennsylvania Rule of Civil Procedure 403. Under Rule 403, to effect service by mail, Plaintiff was required to send process by "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Instead, Plaintiff sent the Complaint to Defendants via first class mail, which did not require a signed receipt. (Doc. 19, Ex. A). Service was therefore insufficient under Rule 403.

   Plaintiff also failed to effect proper service under Pennsylvania Rule of Civil Procedure 404. As Defendants are citizens of New Jersey, Rule 404(3) permits Plaintiff to serve them pursuant to the New Jersey Rules of Court. *See* Pa. R. Civ. P. 404(3). While New Jersey permits service by first class mail, such service is only effective if the defendant "answer[s] or appear[s] within 60 days following mailed service." N.J. Ct. R. R. 4:4-4(c). Here, Defendants did neither. (Doc. 19 at 2 (noting Plaintiff "realized that . . . no attorney had entered their appearance" before reinstating the Complaint in December 2020).) Plaintiff's July 30, 2020 service was therefore also insufficient under Rule 404.

8

When Plaintiff attempted service a second time on December 22, 2020, he used a proper method under the Pennsylvania rules, but his service was potentially untimely. Pennsylvania Rule of Civil Procedure 403 requires Plaintiff to send process by "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. On December 22, 2020, Plaintiff sent the Complaint to Defendants via certified mail with return receipts requested. (Doc. 19, Ex. B (delivery receipt and Defendant Sagan's signature).) He did so within ninety days of reinstating his Complaint, pursuant to Pennsylvania Rule of Civil Procedure 404. (Doc. 19, Ex. A (noting that Plaintiff filed a praecipe to reinstate his Complaint and served Defendants via certified mail on the same day).) Plaintiff's flaw this time, as Defendants note, was in reinstating his Complaint after the statute of limitations expired on November 15, 2020. (Doc. 20 at 10–11.) Service of process was not effectuated until Defendants received and signed for the Complaint via certified mail on January 2, 2021—forty-nine days after the statute of limitations expired, if it was not tolled by Plaintiff's filing of the Complaint.

The ultimate question, then, is whether the action should be dismissed as time-barred, or whether, even though Plaintiff's initial service was technically insufficient, Plaintiff acted in good faith and tolled the statute of limitations such that his second service of process was sufficient under the Pennsylvania rules. If Plaintiff made a "good faith effort" to serve process after filing the Complaint, *Gussom v. Teagle*, 247 A.3d 1046, 1057 (Pa. 2021), then the statute of limitations was tolled and his December 22, 2020, reinstatement of the Complaint afforded

him another ninety days to effectuate service under Pennsylvania Rule of Civil Procedure 404. That would make his December 22, 2020, service timely, in which case the present motion should be denied. But if Plaintiff did not act in good faith to effectuate service, then the statute of limitations did not toll and his second attempt was time-barred, in which case the present motion should be granted.

The Eastern District of Pennsylvania recently summarized the history of the good-faith requirement under Pennsylvania law in *O'Meally v. City of Philadelphia*, No. CV 21-5677, 2022 WL 1172973, at *2 (E.D. Pa. Apr. 20, 2022). The court explains that under Pennsylvania Rule of Civil Procedure 401 (and in the case of out-of-state defendants, Rule 404), a writ or complaint may be reissued "any number of times," each time restarting the period during which the writ or complaint must be served—here, a period of ninety days. *See id.* "Historically, this process meant that, so long as a writ of summons was issued or complaint was filed within the statute of limitations, the plaintiff could reissue the writ or reinstate the complaint as often as needed within 'a period equivalent to that permitted by the applicable statute of limitations'"—here, a period of two years. *Id.* (quoting *Lamp v. Heyman*, 366 A.2d 882, 885 (Pa. 1976)). Some litigants abused this process and sat on their claims for a period well outside of the statute of limitations without even attempting service, thereby undermining the very purpose of the statute. *See id.* (first citing *Gussom*, 247 A.3d at 1054–55; and then citing *Lamp*, 366 A.2d at 886).

10

As the Eastern District notes, the Pennsylvania Supreme Court sought to correct this abuse in a series of cases, starting with *Lamp v. Heyman* and most recently in *Gussom v. Teagle*. Together, those cases established "that for a writ to be reissued or the complaint reinstated outside the statute of limitations, the plaintiff must have engaged in a 'good-faith effort' to 'diligently and timely' serve the defendant before the writ or complaint expired." *O'Meally*, 2022 WL 1172973, at *2 (citing *Gussom*, 247 A.3d at 1057).

Whether a plaintiff acted in good faith is assessed on a case-by-case basis and is in the "sound discretion of the trial court." *See Callan*, 2018 WL 4635962, at *5 (citing *Williams*, 199 F. Supp. 3d at 924). Rigid compliance is not required, and courts should avoid "the draconian action of dismissing claims based on technical failings that do not prejudice the defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (2005); *Est. of Ginzburg by Ermey v. Electrolux Home Prod., Inc.*, 783 F. App'x 159, 160 (3d Cir. 2019) (quoting *McCreesh*, 888 A.2d at 674). At the same time, "the plaintiff must have *actually* tried to put the defendant on notice of the suit." *O'Meally*, 2022 WL 1172973, at *2 (emphasis in original). "The service does not have to have been perfect, however, so long as the defendant had 'actual notice' of the suit and was not 'prejudiced' by the improper service." *Id.* (quoting *McCreesh*, 888 A.2d at 666). Notwithstanding this "flexible approach," *McCreesh*, 888 A.2d at 666, courts have emphasized that "'[s]imple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient' to find that a plaintiff did not act with good faith." *Callan*, 2018 WL 4635962, at *5 (quoting *Englert v. Fazio Mech.*

*Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. Ct. 2007)). The burden is on the plaintiff to demonstrate that he acted in good faith. *Gussom*, 247 A.3d at 1057.

The Pennsylvania Supreme Court summarized the plaintiff's burden in the latest decision of its *Lamp* progeny.

> When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

> *Id.*

The Court finds that Plaintiff has demonstrated that he acted in good faith. The Court finds the following facts dispositive: (1) before the statutory period expired, Plaintiff "*actually* tried to put the defendant on notice of the suit," *O'Meally*, 2022 WL 1172973, at *2; (2) Plaintiff's error was a simple mistake, and because he thought he effectuated service in July 2020, it defies logic to expect him to have repeated his efforts to do so, as "diligen[ce]" might otherwise require; and (3) crucially, Plaintiff alleges that settlement discussions were "ongoing," which "evince[es] a reasonable inference" that Defendants had actual notice of the lawsuit despite insufficient service of process. (Doc. 19 at 3.)

12

To evaluate good faith, courts consider a plaintiff's efforts to effectuate service before the statutory period ran. *Williams*, 199 F. Supp. 3d at 924 (citing *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1080–84 (2001) (plurality)). Surprisingly, the simple fact that Plaintiff even attempted service before the statutory period expired distinguishes this case from several where courts have found that plaintiffs did not act in good faith. *See, e.g., O'Meally*, 2022 WL 1172973, at *3 (granting motion to dismiss "[b]ecause the [plaintiff] did not even attempt to serve the writ or complaint until six months after the statute of limitations expired"); *Lowe v. City of Philadelphia*, No. CV 18-223, 2018 WL 6044856 (E.D. Pa. Nov. 19, 2018) (granting motion to dismiss when plaintiff did not attempt service until fourteen months after the statute of limitations expired). Plaintiff's first attempt was also well within the ninety-day window imposed by the Pennsylvania Rules of Civil Procedure, as he sent the Complaint via first class mail the day he filed it. (Doc. 19, Ex. A.)

Next, the Court finds it significant that Plaintiff *thought* that he had effectuated service, as evidenced by the Certificate of Service he filed with his Complaint.[6] (Doc. 13, Ex. A.) While Defendants allege in their Motion that they did not receive the Complaint when Plaintiff sent it via first class mail, (Doc. 12 at 2), neither party asserts that the address was wrong or that the mail was returned as undeliverable. It is plausible that Plaintiff did not discover the error until December, when he "realized that . . . no attorney had entered their appearance in the

---

[6]     Plaintiff did not file an affidavit of non-service, as required by Pennsylvania Rule of Civil Procedure 405(a). The Court finds this further supports that he thought he had effectuated service.

Philadelphia docket" and emailed a courtesy copy of the Complaint to Defendants. (Doc. 19 at 2.)

The nature of Plaintiff's error made it harder to discover, and subsequently to remedy, than other errors that courts have considered. For example, the Court finds this case distinguishable from *Bellan v. Penn Presbyterian Med. Ctr.,* where the plaintiff tried and failed to serve the defendant in person and declined to try again before the statutory period expired. 2022 PA Super 32, 271 A.3d 506, 511 (2022), *appeal denied*, No. 89 EAL 2022, 2022 WL 3223299 (Pa. Aug. 10, 2022). It is also distinguishable from the facts of *Gussom*, wherein the plaintiff tried to serve the defendant in person at the wrong address in May and failed to try a different (and also wrong) address until August, nearly a month after the statutory period expired. *See* 247 A.3d at 1049.

The Court recognizes a meaningful difference between a plaintiff who attempts service of process, knows it was a failed attempt, and declines to remedy it, and a plaintiff who incorrectly but genuinely believes he has effectuated service, like the Plaintiff here. While the Court does not condone careless mistakes, it is logical that the latter plaintiff would not make further attempts to serve defendants; he believes he has already effectuated service. To require him to show additional attempts to demonstrate that he acted diligently and in good faith would be unfair.

Most importantly, Plaintiff has demonstrated that Defendants had actual notice of the claim. Plaintiff describes settlement negotiations as "ongoing in October 2020"—before the

statutory period expired on November 15, 2020. (Doc. 19 at 3.) Defendants do not dispute that settlement discussions occurred. (*See* Doc. 20 at 12.) The Court also notes that, according to an affidavit filed by Plaintiff's counsel, Plaintiff emailed to Defendants a "counter-offer" along with the Complaint on December 11, 2020. (Doc. 19, Ex. A.) While outside of the statutory period, Plaintiff's counter-offer suggests that Defendants had previously made a settlement offer, which supports that settlement negotiations were "ongoing." As Plaintiff argues in his Brief in Opposition, this "evince[es] a reasonable inference that Defendants were, in fact, aware of the lawsuit." *Id.*

Defendants argue that the law specifically requires a plaintiff to make "a proper effort to notify the defendant '*of the commencement of an action against him*.'" (Doc. 20 at 12.) (citing *Lowe*, 2018 WL 6044856, at *5) (emphasis added). They argue that without actual notice of the "formal commence[ment]" of the action, awareness of "any potential claim" is not enough. (*Id.* at 7.) Defendants are correct that courts have rejected "actual notice" arguments where defendants had notice of the mere "potential for a suit." *See, e.g., O'Meally*, 2022 WL 1172973, at *3 (distinguishing between notice of *actually* having been sued and notice of the *potential* for a suit).

Nonetheless, the Court finds it plausible that the settlement negotiations gave Defendants actual notice of the litigation in this case. That the parties were negotiating settlement suggests Defendant was actively engaging with Plaintiff regarding the claim. The Court finds such active engagement distinguishable from cases where courts have found that

defendants had only vague awareness of a potential suit. In *Lowe*, the Eastern District found that the defendant did not have actual notice when the plaintiff sent the defendant "barebones, largely boilerplate correspondence about potential personal injury claims." 2018 WL 6044856, at *5. More recently, the Eastern District found in *O'Meally* that two letters, one asking the defendant to preserve evidence and the other providing notice that plaintiff "might be bringing a tort claim," both sent two years before the litigation began, "did not put the [defendant] on notice that it had *actually* been sued." 2022 WL 1172973, at *3 (emphasis in original). Here, the parties discussed settlement over the course of two months, one of which was before the statutory period expired. (Doc. 19 at 3 ("Settlement negotiations between Plaintiff and Defense Counsel were ongoing in October 2020 and December 2020 . . . .").) That is hardly the same as the passive receipt of a boilerplate letter about a potential claim. And notably, Defendants point to no authority wherein a plaintiff alleges that the parties were engaged in settlement discussions and the court finds the defendant lacked actual notice of the action.

Defendants do not seem to argue that Plaintiff's failure to serve process "evinced an intent to stall the judicial machinery," *Gussom*, 247 A.3d at 1057, and the Court finds that Plaintiff's actions were reasonable efforts to effectuate service. *See Callan*, 2018 WL 4635962, at *5 (quoting *Williams*, 199 F. Supp. 3d at 924). Plaintiff's insufficient July 30, 2020, service was plausibly the result of a mistake and demonstrated no bad faith. The facts here are not akin, as Defendant asserts, (Doc. 20 at 9), to *Callan v. Patel*. In that case, the court found that plaintiff had a landlord/tenant relationship with the defendant and saw the

16

defendant in person often, yet repeatedly mailed service to the wrong address rather than asking the defendant for the correct address and declined to serve the defendant in person. 2018 WL 4635962, at *7–8. Such actions border on bad faith, not simple neglect or mistake, and are not analogous to Plaintiff's actions here.

Finally, the Court finds that Defendants are not "otherwise prejudiced" by Plaintiff's insufficient service. *See Gussom*, 247 A.3d at 1057. Plaintiff states simply that "Defendants have shown no prejudice." (Doc. 19 at 3.) Defendants argue they are prejudiced by the "passage of time," specifically by the "fading memories of witnesses and the uncertainty of the availability of witnesses, evidence, and pertinent documents." (Doc. 20 at 13.) But the Court finds this unlikely considering that Defendants were negotiating settlement of the claim throughout October and December 2020. (Doc. 19 at 3.) The same facts, memories, witnesses, and evidence were pertinent to those conversations. Defendants accepted service on January 2, 2021, merely days following the "ongoing" discussions in December 2020. (Doc. 19 at 3; Doc. 19, Ex. A.) The Court finds this short passage of time did not give rise to prejudice.

The Third Circuit prefers "that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (collecting cases). It would be an appropriate exercise of discretion to hold that Plaintiff acted in good faith to effectuate service. His good-faith attempts tolled the statute of limitations, meaning that when Plaintiff reinstated the Complaint on December 22, 2020, it afforded him another 90 days to

serve Defendants. Therefore, when Defendants accepted service of the Complaint via certified mail on January 2, 2021, service was properly effectuated.[7]

## V. CONCLUSION

For the aforementioned reasons, the Court will deny "Defendants William Sagan and Sagan Trucking, LLC's Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5)." (Doc. 12.)

Robert D. Mariani
United States District Judge

---

[7]    Having held that Plaintiff's service of process was sufficient under Pennsylvania law, the Court declines to decide whether 28 U.S.C. § 1448 would have provided Plaintiff with a new opportunity to serve Defendants in federal court.

The Court does find, however, that § 1448 cures any deficiency that results from the fact that Plaintiff's service was not perfected prior to removal. 28 U.S.C. § 1448 provides, in pertinent part,

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service *has not been perfected prior to removal*, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

(emphasis added). Here, Plaintiff sent the Complaint via certified mail on December 22, 2020, the same day that Defendants removed the case to federal court. (Doc. 19, Ex. A; Doc.1). Service was not technically effectuated until January 2, 2021, after removal. *Id.* Pursuant to § 1448, the service was proper and does not fail for lack of perfection before removal because it was "completed . . . in the same manner as in cases originally filed" in the district court. 28 U.S.C. § 1448; *see* Fed. R. Civ. P. 4(e)(1) ("an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").